**Kathryn R. WALTON and Irmgart Van Daell Heckel, Plaintiffs,**

v.

**MORGAN STANLEY & CO., INCORPORATED, and Olinkraft, Inc., Defendants.**

No. 78 Civ. 5281.

United States District Court, S. D. New York.

Oct. 10, 1979.

Silverman & Harnes, New York City, Lead Counsel, for plaintiffs.

Kass, Goodkind, Wechsler & Labaton, New York City, for plaintiff Irmgart Van Daell Heckel; Joan T. Harnes, Sidney B. Silverman, Martin H. Olesh, Robert I. Harwood, New York City, of counsel.

Davis, Polk & Wardwell, New York City (Henry L. King, James W. B. Benkard, Robert F. Wise, Jr., Christine Beck, New York City, of counsel), Skadden, Arps, Slate, Meagher, & Flom, New York City (William R. Meagher, William P. Frank, New York City, of counsel), for defendant Morgan Stanley & Co., Incorporated.

LASKER, District Judge.

The plaintiffs are former shareholders of Olinkraft, Inc. (Olkinkraft) who sue derivatively on behalf of Olinkraft seeking an accounting from Morgan Stanley & Co., Inc. (Morgan Stanley) of profits allegedly made by Morgan Stanley from its investment in Olinkraft stock. Morgan Stanley moves to dismiss the complaint on the grounds that the plaintiffs lack standing to bring this action.[1] The motion is granted.

The complaint alleges that in 1977, during negotiations with Olinkraft on behalf of Kennecott Copper Corp. (Kennecott), who was exploring the possibility of acquiring Olinkraft, Morgan Stanley's mergers and acquisitions department received confidential information from Olinkraft, and that in violation of its instructions from Olinkraft that the information be used only in connection with the Kennecott negotiations and then returned if the transaction was not completed, Morgan Stanley retained the information. In July 1978, Texas Eastern Corp. (Texas Eastern) announced a proposed merger with Olinkraft at $51. per share. According to the complaint, the arbitrage department of Morgan Stanley then bought 149,200 shares of Olinkraft "upon an informed conviction that a competing offer at a higher price than $51. per share would be made for Olinkraft stock," since prior to the Texas Eastern offer, Johns-Manville Corp. (Johns-Manville), a client of Morgan Stanley, was considering a takeover of Olinkraft. The mergers and acquisitions department of Morgan Stanley then, in violation of its alleged "duty" to Olinkraft, released to Johns-Manville the confidential information obtained from Olinkraft to induce Johns-Manville to make a higher offer for Olinkraft.

On September 25, 1978, JM Capital Corporation (JM Capital), a wholly owned subsidiary of Johns-Manville created for the purpose of acquiring Olinkraft, announced its intention to make a tender offer to purchase 49% of the outstanding common stock of Olinkraft.[2] This offer was successful on November 8, 1978 when JM Capital purchased approximately 49% of Olinkraft stock for $65. per share. The remaining shares of Olinkraft were exchanged for Johns-Manville preferred stock when Olinkraft was merged into JM Capital on January 19, 1979.

\* \* \* \* \* \*

To establish standing to sue a plaintiff must allege that he has suffered injury for which he seeks redress. *See, e. g., Warth v. Seldin,* 422 U.S. 490, 499, 502, 95 S.Ct. 2197, 2205, 45 L.Ed.2d 343 (1975); ("[a] federal court's jurisdiction therefore can be invoked only when the plaintiff himself has suffered 'some threatened or actual injury resulting from putative illegal action . . . .'" (citing cases)); *Federal Deposit Ins. Corp. v. Grella,* 553 F.2d 258, 261 (2d Cir. 1977). In this case, since plaintiffs sue on behalf of Olinkraft (*see Koster v. (American) Lumbermans Mut. Cas. Co.,* 330 U.S. 518, 522, 67 S.Ct. 828, 91 L.Ed. 1067 (1947)) standing can be established only by alleging that Olinkraft has been injured by the defendant's assertedly culpable acts. Yet the complaint contains no such allegation. It is true that it states that Morgan Stanley violated a "duty" to Olinkraft and seeks as

---

1. Morgan Stanley also bases its motion to dismiss on the grounds that the complaint fails to satisfy the requirement of Rule 23.1 of the Federal Rules of Civil Procedure in that it does not allege sufficient efforts made to obtain action from the directors of the corporation. Since the motion is granted on the grounds that the plaintiffs lack standing, the question need not be decided although we note that a similar claim against Morgan Stanley was dismissed in Special Term, Part I, Supreme Court, New York County (Stecher, J.) by Memorandum of September 28, 1979 on the grounds that the complaint had failed "with particularity" to explain why a demand on the Board of Directors of Johns-Manville Corp. had not been made. In particular, the State Court decision observed:

> "Plaintiff's conclusory allegations that such a demand would be 'futile' or that the allegations of the complaint 'have been public knowledge for some months' are inadequate." *Altman v. Morgan Stanley & Co., Incorporated and Johns-Manville Corp.,* Index 8042/79, Supreme Court, New York County, September 28, 1979.

2. The facts given in this paragraph are taken from the affidavit of Henry L. King, counsel for Morgan Stanley, and are not disputed.

damages the profits Morgan Stanley earned from its investment in Olinkraft's stock. However, the complaint does not allege that Olinkraft was injured either by the disclosure of such information or by Morgan Stanley's trading in Olinkraft's stock with the benefit of the information. Indeed, in the circumstances of this case, we do not believe that any such showing can be made.

Accordingly, since the plaintiffs have not established their standing to sue on behalf of Olinkraft, the complaint must be dismissed.

It is so ordered.